# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JACLYN GODOY,                           *
as parent and natural guardian of infant, *
L.G.                                    *    No. 20-1292V
                                        *
           Petitioner,                  *
                                        *    Special Master Christian J. Moran
v.                                      *
                                        *    Filed: September 16, 2024
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
           Respondent.                  *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Malvina Palloj, Brewer Attorneys & Counselors, for Petitioner;
Bruce Slane, Law Office of Bruce W. Slane, P.C., former counsel of record for Petitioner;
Jamica Littles, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

Two motions for attorneys' fees and costs are pending.  Ms. Godoy is awarded **$40,646.**

\* \* \*

On September 30, 2020, Ms. Godoy filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.  Ms. Godoy alleged that a rotavirus vaccine caused L.G. to develop intussusception.  Attorney Bruce Slane represented Ms. Godoy at this time.

Although the Secretary contested Ms. Godoy's entitlement to compensation (see Resp't's Rep., filed July 27, 2021), the parties appeared to resolve the matter informally.  See Order, issued Feb. 6, 2023.  However, Ms. Godoy did not agree.  See Resp't's Status Rep., filed May 9,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

2023.  Mr. Slane requested an award of attorneys' fees and costs on an interim basis.  Pet'r's Mot., filed May 26, 2023.  On the same day, Mr. Slane requested to withdraw as counsel.

A status conference was held during which Ms. Godoy opposed compensation to Mr. Slane.  Mr. Slane was released from representing Ms. Godoy and Ms. Godoy began to represent herself.  See Order, issued June 7, 2023.

Ms. Godoy's time as a pro se litigant lasted for about two months.  Attorney Malvina Palloj became counsel of record on August 1, 2023.

With Attorney Palloj representing Ms. Godoy, the case was referred for alternative dispute resolution.  This process resulted in an agreement that all necessary parties approved.  On January 19, 2024, the parties filed a joint stipulation in which the undersigned adopted as his decision on January 22, 2024. 2024 WL 752260.

On August 20, 2024, Ms. Godoy filed a motion for final attorneys' fees and costs, in which Ms. Godoy seeks compensation for Ms. Palloj's work.  In addition, Ms. Godoy stated that she did not oppose compensation to Mr. Slane.  Pet'r's Mot., Exhibit D (Ms. Palloj's affidavit) at ¶ 2.[2]  Pursuant to General Order No. 9, Ms. Godoy warrants that she has not personally incurred any costs related to the prosecution of her case. Pet'r's Mot., Exhibit C.  Respondent deferred to the undersigned's assessment.

*   *   *

Because Ms. Godoy received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

---

[2] Any assistance from Ms. Palloj is appreciated.

**Part One: Interim Motion (Mr. Slane)**

    A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The Interim Fee Motion requests the following rates of compensation for the work of Mr. Slane: $355.00 for 2019; $365 for 2020; $375.00 for 2021; $400 for 2022; $425 for 2023. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to Bruce Slane and associates for their Vaccine Program work. See, e.g. Carrasqillo v. Sec'y of Health & Human Servs., No. 21-1866V, 2023 WL 4879163 (Fed. Cl. Spec. Mstr. Jul. 7, 2023). Accordingly, the requested hourly rates are reasonable.

    B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be generally reasonable. Mr. Slane or his staff gathered medical records from apparently recalcitrant providers of medical records and opposed a motion to dismiss. These steps advanced Ms. Palloj's case.

However, multiple entries contain insufficient information to assess their reasonableness. See Order, issued Dec. 6, 2022, at 4 (suggesting that time entries contain at least 10 words). Some entries state that a communication with the client occurred without providing any detail about the topic of the communication. In addition, an associate attorney billed for filing documents. Filing documents is a clerical task for which attorneys should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). To account for these problems, $1,000 is deducted from the proposed charges. A reasonable amount of compensation for Mr. Slane's work is $29,547.70.

    C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). The Interim Fee Motion requests a total of $975.04. The costs are comprised of

acquiring medical records, postage, and the Court's filing fee. Ms. Godoy has provided adequate documentation supporting the requested advanced costs and all are reasonable in the undersigned's experience.

Therefore, a reasonable amount of compensation with respect to Mr. Slane's attorneys' fees and costs is **$30,522.74**.

### Part Two: Final Motion (Ms. Palloj)

A.	Reasonable Hourly Rates

This case was the first in which Ms. Palloj represented a petitioner in the Vaccine Program. The requested hourly rate is $204 per hour. Pet'r's Mot., filed Aug. 20, 2024, at 6. That rate is reasonable.

B.	Reasonable Number of Hours

The undersigned has reviewed the submitted billing entries and finds the request to be entirely reasonable. Although Ms. Palloj may have spent more than an attorney with significant experience in the Vaccine Program, she has charged a lower hourly rate, making the charge for any particular task reasonable. The amount of $9,567.60 is reasonable for Ms. Palloj's work.

C.	Costs Incurred

Ms. Godoy has requested $843.66 for costs. One item ($288.00) is the cost for Ms. Palloj to be admitted to the Court of Federal Claims. Exhibit B, pdf 25. This item is not allowed as it is for Ms. Palloj's professional development. Accordingly, a reasonable amount of costs is $555.66.

Therefore, a reasonable amount of compensation with respect to Ms. Palloj's attorneys' fees and costs is **$10,123.26**.

### Overall Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, Ms. Godoy is awarded **$40,646** as a lump sum in the form of a check jointly payable to Ms. Godoy and Petitioner's counsel, Ms. Palloj. From this amount, Ms. Palloj is ORDERED to transmit the amount of **$30,522.74** to Mr. Slane.

The Clerk's Office is also instructed to transmit a copy of this decision to Mr. Slane by certified mail.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master